Rafael Pérez Guerra, Plaintiff and Appellant, *v.* Felipe Matos Bernier et al., Defendants and Appellees.

No. 6737. Argued May 21, 1935.—Decided June 7, 1935.

*Fernando Zapater* for appellant. *Guillermo S. Pierluisi* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

The action in this case was entitled "Recovery of Money." The complaint set up the existence of a second mortgage from the defendants to secure the sum of $450; that defendants defaulted in the payment of principal, interest, taxes and insurance, obligations arising from the mortgage contract. The prayer of the complaint was for judgment and that the latter be executed against the mortgaged property and other property of the defendants. The real estate described in the complaint was a piece of land, a house and a barn dedicated to the making of sweets.

The form of this action would seem to be personal. However, even if it should be considered as one in execution of a mortgage, what the marshal of the District Court of Ponce attempted to do was specifically to execute an attachment before judgment on certain property.

At the time of the said attachment there existed on the premises an electrical beater to knead bread (*batidera*).

Whether it was or not attached to the soil and in what manner, are the principal issues involved in this appeal.

The instructions for the attachment told the marshal to execute on a pianola and on a beater (*batidera*). The marshal in execution took possession of the pianola and turned it over to a depositary. He notified the defendants of the attachment of the beater, but did not remove it or place the same in the hands of a depositary.

The defendant Felipe Matos Bernier sold the beater and when the marshal wished to sell it at an auction the beater was not on the premises. The plaintiff moved to punish the defendant Felipe Matos Bernier for contempt.

The District Court of Ponce held that in view of the decisions of this court in *Oronoz* v. *Alvarez,* 23 P.R.R. 497; *García* v. *Humacao Fruit Co.,* 25 P.R.R. 635; *Mead* v. *Dapena,* 32 P.R.R. 373, and *Societe Anonyme des Sucreries* v. *Dávila,* 34 P.R.R. 599, the motion should be overruled; in effect that the beater in the case was personal property and as the marshal did not take it into his possession or name a depositary for it, his act did not constitute an attachment.

The appellant did not file an adequate assignment of error, but among other things cites from various commentators substantially to the effect that under the Mortgage Law, section 111, and the Civil Code, Edition of 1930, section 263, it was not obligatory to make an attachment; that the beater being attached to the soil no special proceeding of attachment was necessary; that the beater became part of the mortgaged premises.

Without entering into all the possible interesting questions suggested, it would seem that the plaintiff did not rely on the lien of the mortgage, but on the lien of the attachment actually performed. Admittedly the defendant was in the motion charged with contempt for having failed to respect the attachment.

As supporting the conclusion of the court, the statement of the case states that at the hearing the parties agreed that

the beater was personal property; that appellee denied that the beater was in reality attached to the soil. He testified that it was on a platform raised from the ground readily separable.

We need not go much further, but we are of the opinion that an electrical beater, as here, should generally be considered personal property until the contrary clearly appears. As indicated by the commentators, the will of the owner of an industry may play a role in determining whether a particular object has lost its character as personal property.

The order should be affirmed.